ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO; HUMACAO RNG, LLC** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br> V. <br><br> **GFC HOLDINGS LIMITED LIABILITY COMPANY, OLMAR LÓPEZ VIDAL; CRISTINA RÍOS MENA, Y OTROS** <br> DEMANDADA(S)-PETICIONARIA(S) | **TA2025AP00276** <br><br> **consolidado con** <br><br> **TA2025AP00277** | *APELACIÓN* acogida como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2024CV04616** (803) <br><br> Sobre: Incumplimiento de Contrato; Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas; la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 16 de junio de 2026.

Comparecen ante este Tribunal de Apelaciones, los señores **OLMAR LÓPEZ VIDAL** y **CRISTINA RÍOS MENA** (señores **LÓPEZ-RÍOS**) mediante una *Petición de Certiorari* incoada el 14 de agosto de 2025 a la cual le fuese asignada el alfanumérico: **TA2025CE00298**.[1] En su escrito, los señores **LÓPEZ-RÍOS** nos solicitan que revisemos la *Sentencia Parcial y Resolución* decidida el 14 de julio de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[2] En dicha providencia, en la *Resolución*, se declaró ha lugar a la solicitud de enmienda a la reconvención; se aleccionó que el señor **GREGORY S. BOYD** (señor **BOYD**) deberá presentar nueva reconvención enmendada; y se

---

[1] El 22 de agosto de 2025, resolvimos *Resolución* en la cual se acogió el recurso como apelación y se le asigno el alfanumérico: **TA2026AP00276**.
[2] Este dictamen judicial fue notificado y archivado en autos el 15 de julio de 2025. Entrada núm. 242 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

declaró no ha lugar a la petitoria de desestimación, sin perjuicio, de que pueda presentarse como una petición de sentencia sumaria; así como, en la *Sentencia Parcial*, se declaró ha lugar la súplica de desestimación de la reconvención únicamente en cuanto a la causa de acción al amparo del *Bank Holding Company Act*, 12 USC 1972(1), por estar atendiéndose en el foro federal.[3]

Por otra parte, comparecen **BIOMASS GREEN FUELS, LLC** (**BIOMASS**), **GFC HOLDINGS, LLC** (**GFC**) y el señor **BOYD** mediante *Petición de Certiorari* instada el 18 de agosto de 2025 a la cual le fuese asignada el alfanumérico: **TA2025CE00316**.[4] Nos solicitan la revisión de la *Sentencia Parcial* formulada el 27 de diciembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[5] En dicho pronunciamiento, se declaró ha lugar una *Moción Solicitando Sentencia Sumaria Parcial* presentada el 30 de septiembre de 2024 por el **BANCO POPULAR DE PUERTO RICO** (**BPPR**); y ordenó a **BIOMASS** y **GFC** pagar una deuda vencida, líquida y exigible a favor de **BPPR**.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El 22 de mayo de 2024, **BPPR** encausó una *Demanda* sobre incumplimiento de contrato de préstamo, cobro de dinero, ejecución de colateral y garantías contra **BIOMASS**; **GFC**; los señores **LÓPEZ-RÍOS**; **OLMAR LÓPEZ GÓMEZ, VIVIAN VIDAL DE LÓPEZ Y LA SOCIEDAD LEGAL DE GANANCIALES** compuesta por ambos (señores **LÓPEZ-VIDAL**); y el señor **BOYD**.[6] En la mencionada *Demanda*, **BPPR** reclamó el pago de una deuda ascendente a $12,137,270.01 más intereses, todos los gastos, costas y honorarios de abogado.

---

[3] **HUMACAO RNG, LLC** (**HUMACAO RNG**) sustituye al **BANCO POPULAR DE PUERTO RICO** (**BPPR**) tanto como acreedor como deudor.

[4] El 22 de agosto de 2025, solventamos *Resolución* en la cual se acogió el recurso como apelación y se le asigno el alfanumérico: **TA2025AP00277**.

[5] Esta determinación judicial fue notificada y archivada en autos el 27 de diciembre de 2024. Entrada núm. 192 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[6] Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

**BPPR** expuso que dicha deuda es producto de un préstamo otorgado a **BIOMASS** mediante una línea de crédito no-rotativa para el desarrollo de una refinería para la producción de gas natural licuado renovable, dióxido de carbono renovable y electricidad utilizando gases del vertedero localizado en Humacao, Puerto Rico. Adujo, además, que **BIOMASS** incurrió en múltiples incumplimientos con los términos contractuales, específicamente, con el pago del balance adeudado de los adelantos que tomó conforme al Contrato de Préstamo.

En estas condiciones, el 12 de julio de 2024, el señor **BOYD** presentó su *Answer, Counterclaim, and Cross-Claim* (Contestación a Demanda, Reconvención y Demanda contra coparte) dirigida contra los señores **OLMAR LÓPEZ VIDAL** y **OLMAR LÓPEZ GÓMEZ**.[7] Poco después, el 29 de agosto de 2024, los señores **LÓPEZ-RÍOS** y **LÓPEZ-VIDAL** presentaron su *Contestación a la Demanda*.[8]

Al poco tiempo, el 30 de septiembre de 2024, **BPPR** presentó una *Moción Solicitando Sentencia Sumaria Parcial*.[9] **BPPR** requirió que se dictara sentencia parcial sumariamente contra **BIOMASS** y **GFC** sobre las reclamaciones de incumplimiento de contrato y cobro de dinero, permitiendo además la ejecución del colateral bajo el Contrato de Préstamo. El 22 de octubre de 2024, los señores **OLMAR LÓPEZ VIDAL** y **OLMAR LÓPEZ GÓMEZ,** señor **BOYD, BIOMASS,** y **GFC** presentaron su *Oposición a Moción de*

---

[7] Entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[8] Entrada núm. 65 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[9] Entrada núm. 94 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Está acompañada de los siguientes documentos: (i) Certificado de Existencia de **BIOMASS** expedida el 17 de septiembre de 2024 por el Departamento de Estado; (ii) Purchase, Sale & Delivery Agreement suscrito el 1 de abril de 2022 entre **BPPR** y **BIOMASS**; (iii) RLNG Supply Agreement con fecha de 2021 entre **BIOMASS** y Crowley; (iv) RLNG Supply Agreement de 20 de diciembre de 2021 entre **BIOMASS** y Hewlett Packard; (v) RLNG Supply Agreement de 19 de febrero de 2024 entre **BIOMASS** y IPR Pharmaceuticals; (vi) Debt Certification Balance of Loan Number 101-3268330-0001 as of August 13, 2024 del **BPPR**; (vii) Third Notice of Default to Biomass Green Fuels, LLC suscrita el 22 de mayo de 2024 por **BPPR;** (viii) Correo electrónico fechado 13 de agosto de 2024; (ix) Notice of Failure to Achieve Milestone Regarding EC Waste Obligations and Additional Requirements de 31 de mayo de 2024 cursado por **BPPR**; (x) Correo electrónico remitido el 24 de julio de 2024; y (xi) Declaración Jurada firmada el 30 de septiembre de 20204 por la señora Leticia Ivette Meléndez Díaz, Oficial de Relaciones del **BPPR.**

*Desestimación de la Reconvención*.[10] El 29 de noviembre de 2024, **BIOMASS** y **GFC** presentaron *Oposición a Moción de Sentencia Sumaria Parcial.*[11] A continuación, el 10 de diciembre de 2024, el **BPPR** presentó una *Moción Urgente Solicitando se Dicte Sentencia Sumaria Parcial en Contra de Biomass Green Fuels, LLC y GFC Holdings, LLC ante Ausencia de Controversia sobre Hechos o Derecho en Torno a Ciertas Partidas*.[12]

Ante este cuadro, el 27 de diciembre de 2024, se decretó la *Sentencia Parcial* apelada. Insatisfecho, el 13 de enero de 2025, el señor **BOYD** presentó su *Moción en Solicitud de Reconsideración Regla 47*.[13]

Posteriormente, el 14 de febrero de 2025, el **BPPR** y **HUMACAO RNG LLC** (**HUMACAO RNG**) presentaron *Moción de Sustitución de Parte al Amparo de la Regla 22.3 de Procedimiento Civil* planteando que **BPPR** cedió sus derechos e intereses "como acreedor".[14] El 5 de mayo de 2025, los señores **LÓPEZ-RÍOS** presentaron una *Moción sobre Sustitución de Parte* alegando que no procedía autorizar la sustitución de parte sino la acumulación de **HUMACAO RNG**.[15] El 19 de mayo de 2025, el **BPPR** presentó *Réplica a Moción sobre Sustitución de Parte* indicando que los señores **LÓPEZ-VIDAL** no tienen legitimación activa para objetar la sustitución, puesto vez que el Contrato de Préstamo le permitía ceder "derechos y obligaciones", por lo que estaba facultado para cederle las obligaciones que pudiesen surgir de la reconvención a **HUMACAO RNG**.[16] El 29 de mayo de 2025, los señores **LÓPEZ-RÍOS** presentaron una *Dúplica a Réplica a Moción sobre Sustitución de Parte*

---

[10] Entrada núm. 121 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[11] Entrada núm. 162 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Anejaron copia de la *Second Amended Complaint* presentada en el caso 22-1190 ante el United States District Court for the District of Puerto Rico.

[12] Entrada núm. 171 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[13] Entrada núm. 198 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[14] Entrada núm. 207 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[15] Entrada núm. 222 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[16] Entrada núm. 227 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

*y Solicitud de Orden* proponiendo que el Contrato de Préstamo solo permite ceder las obligaciones a un "*Eligible Assignee*" conforme definida en el Art. 1.1 del mencionado Contrato. [17] Ese mismo día, los señores **LÓPEZ-RÍOS** presentaron su *Moción Solicitando se Deje Sin Efecto la Sentencia Parcial del 27 de diciembre de 2025.*[18]

El 14 de julio de 2025, se concretó la *Sentencia Parcial y Resolución* recurrida. Días más tarde, el 16 de julio de 2025, se emitió una *Resolución Interlocutoria* en la cual se declaró no ha lugar la *Moción en Solicitud de Reconsideración Regla 47* presentada el 13 de enero de 2025 por el señor **BOYD**.[19] Sustentó que no surge del expediente que el señor **BOYD** hubiese presentado su oposición a la *Moción Solicitando Sentencia Sumaria Parcial*.

Inconformes, el 14 de agosto de 2025, los señores **LÓPEZ-RÍOS** acudieron ante este foro intermedio revisor mediante *Petición de Certiorari* señalando el(los) siguiente(s) error(es):

> El Tribunal de Primera Instancia erró al permitir la sustitución del Banco Popular por Humacao RNG LLC sin antes examinar ni permitir el descubrimiento de prueba para determinar si Humacao RNG LLC cualificaba como *Eligible Assignee* bajo el Contrato de Préstamo.

En desacuerdo, el 18 de agosto de 2025, **BIOMASS**, **GFC** y el señor **BOYD** presentaron ante este Tribunal de Apelaciones un recurso intitulado *Petición de Certiorari*. En el mismo, nos señalan el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al no acreditar las alegaciones del Sr. Boyd de la conducta ilegal de Popular que impidió el perfeccionamiento del contrato de préstamo.
>
> Erró el Honorable Tribunal de Primera Instancia al decidir una Moción de Sentencia Sumaria sin tomar en consideración las alegaciones y prueba sometida por las partes que contravienen las alegaciones de la Sentencia Sumaria y sin tomar determinaciones de hecho.

---

[17] Entrada núm. 231 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[18] Entrada núm. 232 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[19] Entrada núm. 231 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

El 25 de agosto de 2025, pronunciamos *Resolución* en la cual se ordenó la consolidación de los recursos TA2025AP00276 y TA2025AP00277. Ese día, intimamos otra *Resolución* en la cual se concedió un término perentorio de treinta (30) días para presentar su alegato a **BPPR** y **HUMACAO RNG**.[20] El 8 de septiembre de 2025, el **BPPR** y **HUMACAO RNG** presentaron una *Moción de Reconsideración* y su *Oposición a Expedición de Certiorari Presentado por Olmar López Vidal y Cristina Ríos Mena*.[21] El 11 de septiembre de 2025, mediante *Resolución* se declaró ha lugar la *Moción de Reconsideración* y se acogieron los recursos como *certiorari*. El 26 de septiembre de 2025, **HUMACAO RNG** presentó su *Alegato en Oposición al Recurso TA2025AP00277*.

Subsiguientemente, el 2 de junio de 2026, el señor **BOYD** presentó una *Moción en Auxilio de Jurisdicción* ello concerniente a una *Resolución* prescrita el 26 de mayo de 2026 en la cual se "encuentra incurso de desacato a los Garantizadores sin necesidad de otra vista evidenciaria".[22] En la misma fecha, decidimos *Resolución* confiriendo cinco (5) días para exponer posición sobre dicha interpelación. El 9 de junio de 2026, **BIOMASS** y **GFC** presentaron su *Comparecencia de GFC Holdings y Biomass Green Fuels, LLC en Cumplimiento de Resolución* exponiendo no tener interés sobre el referido recurso del señor **BOYD**. Ese día, los señores **LÓPEZ-RÍOS** presentaron un *Escrito de Olmar López Vidal en Apoyo a Moción en Auxilio de Jurisdicción*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

---

[20] En adición, se declaró no ha lugar al ruego de auxilio de jurisdicción presentado por **BIOMAS GREEN FUELS, LLC** y **GFC HOLDINGS LLC**.

[21] El **BPPR** razonó que los señores **LÓPEZ-RÍOS** cuestionan la solución conclusión sobre la sustitución de parte.

[22] Entrada núm. 304 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

## - II -

### - A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[23] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[24]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[25] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[26]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[27] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[28] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[29] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o

---

[23] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[24] *Íd.*
[25] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[26] *Íd.*
[27] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[28] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[29] 32 LPRA Ap. V., R. 52.1.

(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[30]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[31]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[32] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[33]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[34] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si

---

[30] *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[31] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[32] *Íd.*
[33] Véase la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ____ (2025); *Torres González v. Zaragoza Meléndez, supra; Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[34] *García v. Padró*, 165 DPR 324, 335 (2005), n. 15.

se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[35] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[36] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[37]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[38] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[39]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[40]

Finalmente, las decisiones tomadas tras dictarse una sentencia solo son revisables mediante el recurso discrecional de *certiorari*.[41] Toda vez que la Regla 52.1 de las de Procedimiento Civil de 2009 no abarca tales instancias,

---

[35] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[36] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[37] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*
[38] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).
[39] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[40] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).
[41] *IG Builders v. BBVAPR*, 185 DPR 307, 339 (2012).

para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una determinación *post sentencia* debemos enfocar nuestro análisis en los criterios que provee la Regla 40 de nuestro Reglamento.[42]

### - B – *Sustitución de parte*

La Regla 22.3 de las de Procedimiento Civil de 2009 sobre *cesión de interés* instaura: "[e]n caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el cesionario o la cesionaria sea sustituido o sustituida en el pleito o acumulado o acumulada a la parte original. La solicitud será notificada conforme se dispone en la Regla 22.1". Cuando ocurre la cesión de interés, lo cual incluye un crédito o un bien, la sustitución es optativa.[43]

"Quiere decir que no es indispensable verificar la sustitución del cesionario por el cedente como parte ya que una vez cedido un bien o crédito litigioso la R. 22.3, 2009, permite que el caso continúe tramitándose por o en contra del titular original, o sea, del cedente".[44]

### - C – *Sentencia Sumaria*

La *sentencia sumaria* es un mecanismo procesal disponible para adjudicar controversias sin la celebración de un juicio.[45] Su propósito o finalidad es propiciar la solución justa, rápida y económica de aquellos litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales sólo resta dirimir una controversia de derecho.[46]

Este mecanismo se encuentra instituido en la Regla 36 de las de Procedimiento Civil de 2009.[47] Esta prescribe que cualquiera de las partes

---

[42] *Id.*

[43] *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 759 (2003).

[44] Rafael Hernandez Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Ed. LexisNexis, 2017, pág 176. Véase *Mun. de San Juan v. Bosque Real, S.E.*

[45] *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022).

[46] *Negrón Castro y otros v. Soler Bernardini y otros*, 2025 TSPR 96, resuelto el 6 de octubre de 2025; *BPPR v. Zorrilla y otro*, 214 DPR 329, 338 (2024).

[47] 32 LPRA Ap. V, R. 36. *Negrón Castro y otros v. Soler Bernardini y otros, supra*; *Jiménez Soto y otros v. Carolina Catering Corp. y otros*, 2025 TSPR 3, resuelto el 14 de enero de 2025.

podrá presentar "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación".[48]

Lo anterior implica que, la parte promovente debe demostrar que no existe *controversia sustancial* sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[49] Un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[50] De esta manera, la parte promovente debe desglosar los hechos en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[51] Entre la evidencia que puede presentar, están las siguientes: "certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidávits, y hasta prueba oral".[52]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una *controversia real y sustancial* que debe dilucidarse en juicio.[53] Para ello debe

---

[48] 32 LPRA Ap. V, R. 36.1 y 36.2. *Acevedo y otros v. Dpto. Hacienda y otros*, 212 DPR 335 (2023).
[49] *Oriental Bank v. Caballero García*, 212 DPR 671 (2023).
[50] *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023).
[51] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.
[52] *Acevedo y otros v. Depto. Hacienda y otros, supra*, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Véase, además, la Regla 36.5 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.5.
[53] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 336 (2021); *Ramos Pérez v. Univisión*, 178 DPR 200, 214. (2010). La Regla 36.3 (b) de las de Procedimiento Civil de 2009 sobre la moción y procedimiento expone: La **contestación a la moción de sentencia sumaria** deberá ser presentada dentro del término de veinte (20) días de su notificación y deberá contener lo siguiente: (1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior; (2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (3)

cumplir con los mismos requisitos con que tiene que cumplir la parte promovente, pero, además, su solicitud debe contener:

> [U]na relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.
> Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.[54]

De no hacerlo, la parte opositora corre el riesgo de que la solicitud de *sentencia sumaria* sea acogida por el tribunal y se resuelva en su contra.[55] "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente".[56] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[57]

Al ponderar la procedencia de la solicitud de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de *sentencia sumaria*, los documentos incluidos con la moción en**

---

una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

[54] Regla 36.3(b)(2) y (c) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.3(b)(2) y (c).

[55] *Ramos Pérez v. Univisión, supra,* pág. 215.

[56] *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018); *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 168 (2011); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986).

[57] *Ramos Pérez v. Univisión, supra*, págs. 215-216.

**oposición y aquellos que obren en el expediente del tribunal**.[58] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria".[59] Más aún, el tribunal no tiene que considerar los hechos que no estén debidamente enumerados y no hagan referencia a los párrafos o páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establezcan.[60] Tampoco tiene la obligación de considerar o apreciar cualquier declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en la relación de hechos.[61] No obstante, será el análisis del derecho aplicable y de la existencia de alguna *controversia sustancial de hechos materiales* lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[62]

Es preciso subrayar que, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[63] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[64]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta

---

[58] *Meléndez González et. al. v. M. Cuebas*, 193 DPR 100, 118-120 (2015); *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).
[59] *E.L.A. v. Cole*, 164 DPR 608, 626 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[60] Regla 36.3(d) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.3(d). Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 433.
[61] *Íd.*
[62] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).
[63] *Ramos Pérez v. Univisión*, *supra*, pág. 214.
[64] *Íd.*

prueba que apoye una defensa afirmativa; (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente; o (4) no proceda en cuestión de derecho.[65]

La Regla 36.4 de las de Procedimiento Civil de 2009 delimita las instancias en que el Tribunal de Primera Instancia está obligado a consignar en su dictamen los hechos materiales sobre los cuales no hay controversia, y cuáles hechos materiales halló controvertidos; a saber: (1) no se dicta *sentencia* sobre la totalidad del pleito; (2) no se concede todo el remedio solicitado; y (3) se deniega la moción de *sentencia sumaria*.[66] Estas tres (3) instancias conllevan la celebración de una audiencia en su fondo. En estos casos, la consignación en la *sentencia sumaria* de los hechos materiales sobre los cuales no hay controversia sustancial hace innecesario presentar evidencia o prueba sobre estos durante el juicio.[67] Del mismo modo, el tribunal puede dictar *sentencia sumaria* de naturaleza interlocutoria para resolver cualquier controversia que existe entre las partes y sea separable de las controversias restantes.[68]

Dicho esto, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[69] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro

---

[65] *Íd.*, pág. 217.
[66] 32 LPRA Ap. V, R. 36.4. **Regla 36.4. Pleito no decidido en virtud de moción**: Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno. *Pérez Vargas v. Office Depot,* 203 DPR 687, 697 (2019).
[67] *Íd.*
[68] 32 LPRA Ap. V, R. 36.3(e): "El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias Reglas de Procedimiento Civil de Puerto Rico 55 restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito".
[69] *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa.[70] Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor.[71] Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[72]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar si en realidad existen hechos materiales en controversia.[73] De existir, procederemos entonces a cumplir con la Regla 36.4 de las de Procedimiento Civil de 2009 exponiendo concretamente cuáles hechos hallamos que están en controversia y cuáles están incontrovertidos. Puede hacerse en la decisión en la cual se disponga del caso y hacer referencia al listado enumerado de hechos incontrovertidos dispuestos por el foro recurrido. Si determinamos que los hechos materiales realmente están incontrovertidos, se procederá a revisar *de novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho a la controversia.[74]

En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[75]

---

[70] *Rosado Reyes v. Global Healthcare Group, LLC*, 205 DPR 796, 809 (2020); *Meléndez González v. M. Cuebas, Inc.,* supra, pág. 118.

[71] *Birriel Colón v. Supermercado Los Colobos, supra; Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Meléndez González v. M. Cuebas, Inc., supra.*

[72] *Birriel Colón v. Supermercado Los Colobos, supra.*

[73] *Rivera Matos et al. v. Triple S et al., supra.*

[74] Véase Hon. Sigfrido Steidel et al., *Perspectivas en la Práctica Apelativa,* Ediciones Situm 2018, págs. 78–80.

[75] *Birriel Colón v. Supermercado Los Colobos, supra,* pág. 5; *Meléndez González et al. v. M. Cuebas, supra,* págs. 114–116.

## - III –

### TA2025AP00276

Los señores **LÓPEZ-RÍOS** apuntalan que el tribunal primario incidió al permitir la sustitución del **BPPR** por **HUMACAO RNG** sin antes examinar ni permitir el descubrimiento de prueba para determinar si **HUMACAO RNG** cualificaba como *Eligible Assignee* bajo el Contrato de Préstamo. **BPPR** y **HUMACAO RNG** replican que los señores **LÓPEZ-RÍOS** no son parte del Contrato de Préstamo por lo cual no tienen legitimación para quejarse o impugnar la cesión efectuada. Además, argumentan que **BPPR** podía ceder todos sus derechos y obligaciones como prestamista sin necesidad de consulta, aviso previo o consentimiento alguno del deudor o de terceros.

Al justipreciar la totalidad del expediente, los señores **LÓPEZ-RÍOS** no nos han puesto en posición para intervenir con la *Sentencia Parcial y Resolución* recurrida en lo concerniente a la sustitución de parte. Esto es, un tribunal intermedio revisor no intervendrá con el ejercicio de discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, se actuó con prejuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo; y, nuestra intervención en esa etapa evitará un perjuicio sustancial. Nada en este expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala quien avaló la *Moción de Sustitución de Parte al Amparo de la Regla 22.3 de Procedimiento Civil* presentada el 14 de febrero de 2025 por el **BPPR** y **HUMACAO RNG LLC**.

### TA2025AP00277[76]

**BIOMASS, GFC** y el señor **BOYD** cuestionan que erró el foro de instancia: (1) al no acreditar las alegaciones del señor **BOYD** sobre la conducta

---

[76] Toda vez que se acude de la *Sentencia Parcial*, se acoge el recurso como una *Apelación* y conservaremos el alfanumérico para evitar mayores dilaciones.

ilegal de **BPPR** que impidió el perfeccionamiento del contrato de préstamo; y (2) al decidir una *Moción Solicitando Sentencia Sumaria Parcial* sin tomar en consideración las alegaciones y prueba sometida por las partes que contravienen las alegaciones de la Sentencia Sumaria y sin tomar determinaciones de hecho.

HUMACAO **RNG** puntea que se comprobó o demostró que la deuda era líquida, vencida y exigible debido a que que BIOMASS y su garantizador **GFC** admitieron la deuda antes de interponerse la *Demanda* y al oponerse a la *Moción Solicitando Sentencia Sumaria Parcial*. De otra parte, arguye que el señor BOYD no se opuso a su *Moción Solicitando Sentencia Sumaria Parcial*.

Como cuestión de umbral, precisa señalar que, a tenor con la normativa atinente a la revisión de *sentencia sumaria*, y luego de analizar concienzudamente el escrito presentado, atinamos que la *Moción Solicitando Sentencia Sumaria Parcial* presentada el 30 de septiembre de 2024 por **BPPR** cumple con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009. El señor BOYD ni se opuso a la *Moción Solicitando Sentencia Sumaria Parcial* ni cumplió con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009. Ello, no dispone sin más de la controversia ante nuestra consideración.

Al escrutar el expediente judicial, este revela que el foro *a quo* aplicó correctamente las Reglas 36 y 42.3 de las de Procedimiento Civil de 2009. Por tal motivo, colegimos que el tribunal primario no erró ni abusó de su discreción, cometió perjuicio o error manifiesto al declarar ha lugar la *Moción Solicitando Sentencia Sumaria Parcial* presentada el 30 de septiembre de 2024 por **BPPR.** Toda vez que su determinación es esencialmente correcta y encontró fundamento en los documentos que obran en el expediente judicial. En conclusión, **no** incidió en los errores señalados.

- **IV** -

Por los fundamentos antes expuestos, en el caso: **TA2025AP00276,**

*denegamos* la expedición del auto de *Certiorari* entablada el 14 de agosto de 2025 por los señores **OLMAR LÓPEZ VIDAL** y **CRISTINA RÍOS MENA;** y en el caso: **TA2025AP00277,** *confirmamos* la *Sentencia Parcial* provista el 27 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Por ende, deberá proseguirse con los procedimientos.[77]

Al amparo de la Regla 18 (B) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[78]

**No ha lugar** a la *Moción en Auxilio de Jurisdicción* presentada el 2 de junio de 2026 por el señor **GREGORY S. BOYD.**

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[77] A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin necesidad de tener que esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 58-59, 216 DPR __ (2025).

[78] Regla 18- Efecto de la presentación del escrito de apelación en casos civiles.
(A) Suspensión.-- Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de esta, de la cual se apela, o a las cuestiones comprendidas en esta, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación.
(B) Cuándo no se suspenderá.-- No se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro. En ese caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el Tribunal de Apelación dicte sentencia.
No se suspenderán los efectos de una decisión apelada, salvo una orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte, cuando ésta incluya cualesquiera de los remedios siguientes:
(1) una orden de *injunction*, de *mandamus* o de hacer o desistir;
(2) una orden de pago de alimentos;
(3) una orden sobre custodia o relaciones filiales.
Véase la Regla 18 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 36, 216 DPR ____ (2025).